# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ISOM W. HARRIS IV,<br>      Appellant, | DOCKET NUMBER<br>SF-844E-18-0486-M-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>      Agency. | DATE:  December 19, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Isom W. Harris IV, Lancaster, California, pro se.

Eva Ukkola and Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

This case is before us on remand from the U.S. Court of Appeals for the Federal Circuit, which vacated the Board's previous decision in *Harris v. Office of Personnel Management*, MSPB Docket No. SF-844E-18-0486-I-1, instructing the Board to reconsider the timeliness of the appellant's initial appeal. *See Harris v. Merit Systems Protection Board*, No. 24-1786, 2025 WL 517011 (Fed.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Cir. Feb. 18, 2025). For the following reasons, we REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

The appellant bears the burden of proving the timeliness of his appeal by a preponderance of the evidence. 5 C.F.R. § 1201.57(c)(2). With exceptions not applicable here, the Board's regulation at 5 C.F.R. § 1201.22(b) requires that an appeal must be filed with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). In this case, the timeliness of the appeal depends on the date on which the appellant received the reconsideration decision by the Office of Personnel Management (OPM).

The record reflects that OPM issued its reconsideration decision on March 15, 2018, and sent it by certified mail to the appellant's P.O. Box in Lakewood, California. Initial Appeal File (IAF), Tab 11 at 4, Tab 4 at 9-10. By this time, the appellant had informed the U.S. Postal Service, though not OPM, of his change of address from the P.O. Box in Lakewood to his current address in Lancaster, California, effective July 29, 2017. Petition for Review File, Tab 1. As our reviewing court noted, it is plausible that the process of forwarding OPM's letter from Lakewood to Lancaster took 7 days or more, in which case the appellant's April 25, 2018 appeal would have been timely filed. Furthermore, the appellant has provided a statement, under penalty of perjury, that he received the letter "only a few days" before filing his Board appeal. IAF, Tab 5 at 3. While we are unable to ascertain the exact date on which the appellant received the reconsideration decision, his statement remains unrebutted, and we find it more likely than not that he filed his Board appeal within 30 days of receiving OPM's reconsideration decision. See 5 C.F.R. § 1201.4(q) (defining a preponderance of the evidence as that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue). Accordingly, we remand the appeal to the regional office for adjudication on the merits.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.